UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-401-JBC

MARY FRANCES COLLIVER,                PLAINTIFF,

V.        <u>MEMORANDUM OPINION AND ORDER</u>

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

    This matter is before the court on Mary Frances Colliver's appeal of the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  The court will grant the Commissioner's motion, R. 11, and deny Colliver's motion, R. 10, because substantial evidence supports the administrative decision.

    At the date of her disability filing, Colliver was a 30-year-old woman with a high-school education and past work experience as a daycare worker, maintenance person, and assembly worker.  She alleged disability beginning March 1, 2008, due to bipolar disorder/manic depression, posttraumatic stress disorder, anxiety, and interstitial cystitis.  She filed her applications on March 12, 2010, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Ronald M. Kayser issued a decision determining that Colliver was not disabled. AR 9-17, 169-70, 182-87.  Under the traditional five-step analysis at 20 C.F.R. § 404.1520; §

416.920, the ALJ found that Colliver had not engaged in substantial gainful activity since March 1, 2008, her alleged onset date; that she had "severe" impairments consisting of interstitial cystitis, fibromyalgia, an affective mood disorder, and an anxiety disorder; that her impairments, whether considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that she retained the residual functional capacity ("RFC") to perform a range of "medium" work as defined in 20 C.F.R. § 404.1567(c) with the additional requirements of being in reasonable proximity to a bathroom, having a moderately limited ability to understand, remember, and carry out detailed instructions, to maintain attention and concentration for extended periods, to interact appropriately with the general public, and to respond appropriately to changes in the work setting; and that, based on her RFC and the testimony of a vocational expert, Colliver retained the RFC to return to her past relevant work as an assembly line worker. AR 9-16. In the alternative, she was capable of performing other unskilled jobs existing in the economy in significant numbers. AR 15-16. The ALJ thus denied Colliver's claim of disability on July 18, 2011. AR 17. The Appeals Council declined to review, AR 1-4, and this action followed.

Colliver's only issue on review is that the ALJ's decision failed to follow the procedures set out in Social Security Ruling ("SSR") 02-2p concerning the evaluation of interstitial cystitis. R. 10, at 3.

Social Security rulings are binding on all elements of the Social Security Administration ("SSA") and are entitled to substantial deference, but do not have

2

the force and effect of law. *Blankenship v. Bowen*, 874 F.2d 1116, 1122 n.9 (6th Cir. 1989); *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 545 (6th Cir. 2004). SSR 02-2p explains that interstitial cystitis is a "complex, chronic bladder disorder" that can be the basis for a finding of disability when accompanied by appropriate symptoms, signs, and laboratory findings. It is characterized by urinary frequency, urinary urgency, and pelvic pain. *Id.* at *1. The ruling provides guidelines for the evaluation of the condition at the different steps of the sequential evaluation. In the present case, the ALJ found interstitial cystitis to be "severe" at Step Two. AR 12.

Colliver argues that the ALJ did not explicitly follow the portions of 02-2p for determining whether the condition met or equaled a listed impairment at Step Three. SSR 02-2p notes that because there is no listing for interstitial cystitis, the SSA will find that an individual "meets" the requirements of the listing if she has another impairment that meets the requirements of the listing by itself or if there is an impairment that meets the requirements of the listing in combination with interstitial cystitis. *Id.* at *5. Additionally, the SSA will find that interstitial cystitis is medically equivalent to a listed impairment if the individual has multiple impairments in combination which are equivalent in severity to a listed impairment. *Id.* Significantly, the ruling provides that the SSA will *not* make assumptions about the severity or functional effects of interstitial cystitis combined with other impairments. *Id.*

The ALJ's brief discussion of the effects of Colliver's combination of impairments is legally correct.  An ALJ's specific statement that he had considered the claimant's impairments in combination was deemed an adequate articulation of his thought processes when the remainder of the decision discussed the alleged impairments individually. *Gooch v. Sec'y of Health and Human Servs.,* 833 F.2d 589, 592 (6th Cir.1987), *cert. denied*, 484 U.S. 1075 (1988). *See also Loy v. Sec'y of Health and Human Servs.,* 901 F.2d 1306, 1310 (6th Cir.1990).  In the present case, after the ALJ found Colliver's interstitial cystitis to be "severe," he noted that her urologist, Dr. Brent Terrell, had treated her for kidney stones and abdomen pain.  AR 12. Other records showed treatment for fibromyalgia, restless leg syndrome, lumbago, anxiety, and depression, and that Colliver underwent a hysterectomy in November, 2008. *Id.* The ALJ proceeded to Step Three, and then made the general finding that Colliver did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 13. Following this finding, the ALJ discussed only her mental impairments. *Id.* Consistent with *Gooch* and *Loy*, this was not error because the ALJ then proceeded to discuss Colliver's urinary tract symptoms, after making his RFC finding at Step Four. AR 14-16.

Even if the ALJ's discussion at Step Three should have been more detailed, any error was harmless.  As previously noted, SSR 02-2p specifies that the ALJ should not make assumptions about the functional effects of interstitial cystitis combined with other impairments.  In the present case, the plaintiff had a diagnosis

4

of interstitial cystitis, in addition to problems with kidney stones, bladder infections, and pelvic pain. AR 332, 342, 357-58, 365, 483. Despite these problems, neither her urologist nor any other physician placed specific limitations on Colliver due to the problems. Nor did she receive any treatment for the conditions between August 2010 and May 2011. AR 475, 479.

The ALJ's RFC was more limiting than the only medical opinion in the record, which was given by Dr. Marvin Bittinger, a reviewing state agency physician, who opined that Colliver could perform medium level work with no exertional restrictions. AR 378-83. Dr. Bittinger noted that recent examinations contained no evidence that was consistent with postural limitations and, although Colliver had a presumptive diagnosis of interstitial cystitis, the current evidence of record included no cystoscopic evidence of it. AR 384. This opinion provides substantial evidence to support the administrative decision, and a remand would serve no useful purpose since it is the claimant's burden to show that her condition is equal to a listed impairment. *Buress v. Sec'y of Health and Human Servs.,* 835 F.2d 139, 140 (6th Cir. 1987).

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Colliver's motion for summary judgment, R. 10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 11, is **GRANTED**.

The court will enter a separate judgment.

Signed on January 4, 2013

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY